United States District and Bankruptcy Courts
For the District of Columbia

Alexander P. Bebris, Plaintiff
FCI Danbury
32½ Pembroke Road
Danbury, CT 06811-2954

vs.

National Center for Missing and Exploited Children, Defendant
(A.K.A. "NCMEC")
C/O Legal Affairs Office
333 John Carlyle St, Suite 125
Alexandria, VA 22314

Case: 1:23-cv-03715
Assigned To : Unassigned
Assign. Date : 12/11/2023
Description: Pro Se Gen. (I-Deck)
FOIA/Privacy Act

RECEIVED
Mail Room
DEC 0 8 2023
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## COMPLAINT

Now comes the plaintiff, pro se, before the honorable court with this complaint, an action under 5 USC 552, ("The Freedom of Information Act"). The plaintiff requests the indulgence of the court as, "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (Erickson v. Pardus, 551 US 89, 94; 127 S.Ct. 2197, (2007)). The plaintiff is not an attorney and has not received formal legal training.

This court has jurisdiction under 5 USC 552(a)(4)(B).

In August, 2022, the plaintiff made a written formal request via US mail under 5 USC 552 to the National Center for Missing and Exploited Children ("NCMEC") for specific and particular information, documents, records and statistics. (A list of the information, documents, records, statistics, and

data sought by the plaintiff is contained and attached in Exhibit "A" of this complaint.)

On September 9, 2022, NCMEC responded in writing to the plaintiff, denying his request for the information, documents, records, statistics, and data requested. NCMEC gave as their basis for denial that as a "private, non-profit organization" they are not subject to 5 USC 552. (A copy of this denial is attached to this complaint as Exhibit "B" of this complaint.

For the reasons below, NCMEC's reliance upon its belief that it is exempt from the provisions of 5 USC 552 ("The Freedom of Information Act.") are misguided and incorrect. NCMEC operates and functions as a government controlled corporation, and/or alternatively as an entity and agency of the United States Government and therefore must comply with the requirements of 5 USC 552.

The Supreme Court, in Lebron v. Nat'l RR Passenger Corp. (Hereafter as "LeBron", 513 US 374; 115 S.Ct. 961, 130 L.Ed 2d 902 (1995)) and Dept. of Transp. v. Ass'n of Am. RRs (Hereafter "DOT", 135 S.Ct. 1225; 191 L.Ed 2d 153 (2015)) has promulgated clear guidelines, qualities, characteristics, and standards to be considered in making a determination as to if an entity constitutes a government controlled corporation.

In "LeBron" and "DOT" the supreme court ruled that Amtrak, (AKA "The National Railroad Passenger Corporation") was a government controlled corporation, a government entity, and for other particular purposes, a government agency. Primarily the

-2-

Court's analysis focused on the following factors (factors to be considered as a whole and not individually):

    a. The purpose for the entity and purpose for corporate existence; (and)

    b. The governance of the entity and accountability; (and)

    c. Day-to-day operational input and control by the government; (and)

    d. Funding and financial support from the government.

Relying upon the enumerated factors, the court ruled that when considered in the aggregate, Amtrak was a government controlled corporation and governmental entity (See "DOT"). The corporation was created for a public purpose, vis-à-vis a private corporation whose purpose is to advance its own economic interests; Congress, via statutory mandates, dictates particular aspects of Amtrak's day-to-day operations. ① In its operations, Amtrak is required to pursue numerous goals and objectives defined by statute. ② Amtrak has accountability and reporting requirements to Congress. ③ Amtrak receives substantial federal funding and subsidies. ④ Realistically, Amtrak's very existence is contingent upon continual federal funding. "Among other important considerations, its priorities, operations, and decisions are extensively supervised and substantially funded by the political branches." ("DOT", supra.) Under this doctrine, the high court found that Amtrak is not "an autonomous private enterprise." ("DOT", supra.)

-3-

Scrutiny of the relationship between NCMEC and the government reveals an even closer linkage between NCMEC-government than the Amtrak-government connection.

### a. Organization and Public Purpose of NCMEC

NCMEC was incorporated as a non-profit corporation. By definition, a non-profit corporation is "organized for some other purpose other than making a profit" and "is usually afforded special tax treatment(s)." (Black's Law Dictionary: "Corporations", 10th ed., 2014). These tax treatments are afforded to non-profits for a simple reason, the belief that the non-profit is providing some sort of public benefit. Non-profits provide provide public services or purposes that may have otherwise been financially supported by the government. NCMEC's constituancy is not to a set of private shareholders or a set of private clients, but for the general welfare of United States (and some international) residents.

Very shortly after its inception and creation and incorporation, Congress funded and mandated a majority of NCMEC's functions and duties. In its findings, Congress has pronounced that NCMEC provides not a mere public service and function, but services that are essential.⑤ NCMEC cannot be a private corporation when its very existence is to provide essential public services and benefits.

### b. Governance and Accountability

Government and Law Enforcement officials enjoy a sizeable presence on the NCMEC Board of Directors.⑥ One of the

-4-

primary functions of a Board of Directors is to provide governance over the entity, be it a public or non-profit corporation. The Board of Directors of the entity are the policy-makers of the entity (overall direction), while also providing input into the formulation of day-to-day operational procedures. (Execution of Policy through function). Through its sizeable and significant representation on the NCMEC Board, the government has the ability to exert direct control over the policies of NCMEC and input into the implementation of policy through organizational procedure development. Additionally, NCMEC has accountability and reporting requirements to Congress.

### C. Day-to-Day Functional Participation and Control

Congress wields a substantive control over NCMEC (functions and operations) by statutorily mandating a majority of NCMEC's responsibilities and duties. Agents of other federal law enforcement agencies (to include supervisory personnel) and other government employees both work in the NCMEC building and additionally perform duties to further and advance the goals, objectives, and work of NCMEC. ⑦

Congress has mandated a majority of the objectives and functions that NCMEC performs, including the execution of law enforcement functions. The law that provides for NCMEC's funding specifically describes the prescribed duties as "Duties and Responsibilities under Federal Law" ⑧

Operationally employees of multiple other federal law enforcement agencies and executive branch departments have both offices and perform work alongside NCMEC employees —

-5-

providing services and technical support directly on tasks to carry out NCMEC's mandates, duties, and responsibilities under federal law. These personnel encompass representatives from the FBI (including a supervisory special agent whose own duties and responsibilities include coordination of "the use of both FBI and NCMEC resources and facilitate ... the most effective response to child pornography and other cases" and an embedded intelligence analyst. The Secret Service has posted on-site personnel that provide technical services and support. ⑨

### d. Funding and Financial Support

Congress exerts effective control over NCMEC through "The Power of the Purse".

In the same law that mandates the functions and duties that NCMEC is required to perform, Congress funds and supports the execution of those duties. Plain language in the statute dictates that annually a grant "shall be made" to NCMEC to carry out its mandated duties and that federal funding "shall be used" to carry out more than a dozen itemized and detailed functions. ⑩ The federal government provides over 75% of NCMEC funding. ⑪ Realistically, without the funding and financing of the government, it is unlikely that NCMEC would exist in its current form or have the ability to execute its congressionally mandated tasks. Clearly, (akin to Amtrak in "DOT" (supra.)) NCMEC's priorities, operations, and decisions are extensively supervised and substantially funded by the political branches of government.

This court, after review of the totality of the facts

and circumstances, through the lens and guidance provided by "LeBron" and "DOT" should find that NCMEC, like AMTRAK, is not an "Autonomus Private Enterprise", but is, in fact, a government controlled corporation and therefore subject to 5 USC 552.

Alternatively, NCMEC is also an entity and agency of the United States Government.

NCMEC has been empowered with law enforcement powers that far surpass those enjoyed by private citizens and entities, and to a certain extent, those enjoyed by other federal law enforcement agencies. These powers are granted and commanded primarily through two federal statutes, 18 USC 2258A and (originally) 42 USC 5773(b) (Note: the compiler of the US Code has moved 42 USC 5773(b) to 34 USC 11293) The "Federal statutes governing NCMEC by congressional mandate, effectively amount to a statutory grant of a special law enforcement authority to a single entity and no other, authorizing it and encouraging it to perform functions that no other private person or entity may lawfully undertake." (United States vs. Ackerman, 831 F.3d 1292, 10th Cir, 2016)

Through these statutes, Congress has mandated NCMEC must collaborate with other federal law enforcement in numerous ways; Additionally, many of the duties, tasks, and responsibilities mandated to NCMEC are mandated and authorized to NCMEC and NCMEC alone - no other person or entity, private or public. These include: Operation of the official national clearinghouse for missing and exploited children, to

-7-

act in concert with law enforcement agencies attempting to locate and recover missing and exploited children, to provide technical assistance to law enforcement to help identify patterns of child abductions for law enforcement purposes, to provide training to law enforcement agencies in identifying and locating non-compliant sex offenders, and operation of the CyberTip line as a means of combating internet child sexual exploitation. (12)

The determination of catagorizing an entity as a public or private entity has been wrestled with by the courts since almost the founding of this nation. In Trustees of Dartmouth College vs. Woodward (17 US (4 Wheat.) 518, 668-69; 4 L Ed 629 (1819)) Justice Marshall opined that if an entity "is invested with any portion of political power, partaking in any degree in the administration of civil government, and performing duties that flow from sovereign authority" (Id at 634), then an entity would be properly qualified as a governmental entity.

The "Police Function" and exercise of law enforcement powers and duties has long been recognized as a public and sovereign function. "It is beyond dispute that the Police Function is "one of the basic functions of government" a most fundamental obligation of government to its constituency." (Foley vs. Connelie, 435 US 291, 297; 98 S.Ct 1067; 55 L.Ed. 2d 287 (1978)). As far back as old England under the common law, the sheriff was an extention of the

-8-

sovereign him (or her) self, enforcing the law - at the time the dictates of the king or queen. The word sheriff derives from "shire rief", the rief being the sovereign's representative in a shire. The men of the sheriff were cloaked in the authority of the king or queen as they discharged their tasks and duties. In this country, the "Police Function" is among the quintessential examples of sovereign function and projection of governmental power. (See Foley v. Connelie, supra.) Describing the "Police Function" as one of the basic functions of government.

At the founding and during the early part of United States history, this nation adopted the tradition of the office of the sheriff from England. The sovereign being the duly constituted government. A private person that was pressed into the service of the sheriff bore the "same authority as the sheriff" and was protected by law to the same extent." (See Filarsky v. Delia, 556 US 377, 132 S. Ct 1657, 1664, 182 L.Ed 2d 662). NCMEC, through its special and unique law enforcement powers granted by Congress and its mandated duties and responsibilities is both endowed with and discharges law enforcement powers beyond those enjoyed by private citizens or entities. When an actor is endowed with law enforcement powers beyond those enjoyed by private citizens or entities, courts have traditionally found that the exercise of police power has been engaged (Romanski vs. Detroit Entm't LLC, 428 F 3d 629, 637 (6th Cir)(2005))

There is one further proposition for this court to consider, that is the assertion that NCMEC is not only a federal entity, but an agency of the United States government. Black's Law Dictionary defines "Federal Agency" as follows: "An entity is an agency if it has the authority to take a binding action." (Black's Law Dictionary: "Federal Agency", 10th Ed, 2014) And "Authority", "Authority is the legal power conferred upon the agent to bring the principal into new legal relations without any further action by the principal." (Id, "Authority")

Congress, through 2258A (a)(1), (e) established exactly the federal agency - authority relationship defined above. Internet Service Providers (ISPs) must report any known child pornography violations to NCMEC and NCMEC alone. Not to any other federal (law enforcement) agency, but to NCMEC. ISPs that fail to meet this obligation face substantial economic ($150,000 to $300,000 per violation) and (apparent) criminal penalties. ⑬ The United States Department of Justice Web Site/Page (has read) "If the ISP knowingly and willingly fails to report the apparent violation, it is subject to criminal penalties." ⑭ No new action on the part of the principal is necessary for NCMEC to initiate and draw it (the principal) into new legal proceedings - potential assessment of civil and criminal penalties.

Simarly, 18 USC 2258A (h)(1) also statutorily establishes a federal agency - authority relationship. When NCMEC confirms to an ISP that it has received a report (of a suspected child pornography violation), the ISP must (by statute) treat that

-10-

confirmation as a request to preserve evidence issued by the government itself. Once again, failure of the ISP to comply exposes the ISP to potential civil and criminal sanctions with no new direct actions on the part of the principal to penalize an ISP in violation. Additionally, 18 USC 2258A(h)(1) is a further exercise of the discharge of law enforcement power (a protection of sovereign authority), the ability (of NCMEC) to compel a private citizen or entity to preserve evidence for use in a criminal prosecution - a power that a private entity cannot possibly exercise.

NCMEC enjoys further legal powers and privileges that have been granted by Congress that allow it to constructively function as a federal agency.

Concentrating attention on NCMEC's CyberTip mandated duties and responsibilities under 2258A(c) is illustrative, corroborates, and substantiates the special law enforcement duties and powers Congress has endowed upon NCMEC and is demonstrative of the application of agency authority.

NCMEC, and NCMEC alone is the entity statutorily obligated and mandated by Congress to maintain and operate the electronic tip line that ISPs are statutorily required to utilize to report potential child exploitation crimes to the government. By logical extension, the mandate of Congress that potential crimes be reported to NCMEC and NCMEC alone is an implicit acknowledgement that NCMEC is an entity that is plainly and clearly operating as a

-11-

law enforcement agency. As discussed previously, law enforcement (agencies) have the ability (and do) discharge sovereign authority. Secondarily, after a preliminary investigation and screening, NCMEC is required by law to forward these reports to other federal law enforcement and may make them available to state and local law enforcement agencies.

NCMEC is both mandated and authorized to receive, store, and review contraband knowingly and intentionally. (See 2258A (a), (b)(4)) in operation of the CyberTip line. It may share contraband electronically (for law enforcement purposes). Clearly, engaging in these activities would subject a private person to criminal prosecution and substantial criminal penalty if they undertook or engaged in these actions.

NCMEC has been authorized by Congress to summon the aid of various other federal agencies to further and meet its statutory mandates. By law, Congress has also mandated that other federal agencies cooperate and respond to requests from NCMEC. This is exemplified, but not limited to: 18 USC 3056(f) - directing the United States Secret Service to provide particular support functions; 34 USC 11298 directing the Office of Inspector General to provide services in audit, compliance, and oversight; The Federal Bureau of Investigation, as administrator of the National Crime Information Computer (NCIC) has granted access to the NCIC system. Access to the NCIC system is restricted to qualifying "law enforcement" agencies (15)

This court, after review of the totality of the facts and circumstances, should find that NCMEC is a governmental entity and agency.

### Conclusion

The facts presented in this case are indisputable. For the reasons enumerated by him above, this court should make a determination that NCMEC is a government controlled corporation (subject to the Freedom of Information Act via 5 USC 552 (e)(6)(B)(f)) and/or alternatively NCMEC is an entity and agency of the United States Government and subject to the Freedom of Information Act via 5 USC 552 (e)(6)(B)(f) and grant his requested relief below.

### Relief

The plaintiff seeks this court to direct NCMEC to comply with the provisions of 5 USC 552, The Freedom of Information Act; to direct NCMEC to provide the items enumerated in exhibit A of this complaint to the plaintiff, to direct NCMEC to comply with 5 USC 552 in the future, to direct NCMEC to pay the expenses and costs borne by the plaintiff (including the filing fee) in this litigation, and to pay any reasonable costs incurred by the plaintiff for legal representation.

Respectfully submitted to the Court,

*[signature]* 12-04-23

Alexander P. Bebris, Pro Se, Reg No: 16875-089

-13-

## ENDNOTES

1. 49 USC 24101(c)(6)
2. See 49 USC 24101(b), 49 USC 24101(d), 49 USC 24307(a), 49 USC 24101(c)(9)
3. Dept. of Trans. vs. Association of American Railroads (575 US 43, 135 S.Ct. 1225, 191 E.Ed 2d 153 (2015)
4. Id.
5. See United States v. Ackerman (831 F.3d 1292)(10th Cir, 2016)
6. Id.
7. See United States v. Keith (980 F. Supp. 2d 33, 41)(D.Mass, 2013)
8. Ackerman, supra.
9. 34 USC 11293 (formerly 42 USC 5773(b)); Keith, supra
10. 34 USC 11293
11. Deposition of John Sheehan, VP NCMEC United States v. Bebris 4 F. 4th 551 (7th Cir, 2021)
12. 34 USC 11293
13. 18 USC 2258A; Ackerman, supra.
14. Ackerman, supra.
15. Deposition of (Supp Decl.) Hertel (Drug Enforcement Administration) Williams v. Dept. of Justice (2023 U.S. Dist. LEXIS 39871)